*Wagschal v. Skoufis*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

ELI WAGSCHAL,

> *Plaintiff-Appellant,*

> > v.                                                           No. 20-871

JAMES SKOUFIS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES
AS A NEW YORK STATE SENATOR AND FORMER ASSEMBLYMAN,

> *Defendant-Appellee.*

---

FOR APPELLANT:                    ELI WAGSCHAL, Esq., Bronx, NY.

FOR APPELLEE:                     AMIT R. VORA (Barbara D. Underwood, Judith N. Vale, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 3, 2020, is **AFFIRMED**.

Plaintiff-Appellant Eli Wagschal appeals from a final judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*) dismissing his claims for declaratory and injunctive relief and for monetary damages against Defendant-Appellee James Skoufis, a New York State Senator. *See Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 627 (S.D.N.Y. 2020). Wagschal alleges that, in 2018, Skoufis unlawfully blocked Wagschal from Skoufis's public Facebook page (the "Public Page") after Wagschal posted accusations on it charging Skoufis with condoning allegedly "flagrant racism" and "ugly comments" posted by other Facebook users on the Public Page.[1] Compl. ¶¶ 34–35, 37. On Skoufis's motion, the district court dismissed Wagschal's claims for declaratory and injunctive relief as moot because, in the interim, Skoufis unblocked Wagschal, restored Wagschal's prior comments to the Public Page, and disclaimed any intent to block Wagschal from it in the future. The district court also dismissed Wagschal's claim for damages under 42 U.S.C. § 1983 as barred by qualified immunity. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.       Injunctive and Declaratory Relief

When a defendant voluntarily ceases conduct that a plaintiff alleges to be unlawful, the plaintiff's case usually becomes moot if "the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events

---

[1] Wagschal alleged, and Skoufis did not dispute, that Skoufis used the Public Page in his official capacity to communicate information to, and receive comments from, the public on various issues of local and state politics and policy. Compl. ¶¶ 21–25.

have completely and irrevocably eradicated the effects of the alleged violation." *Lamar Advert. of Penn, LLC v. Town of Orchard Park,* 356 F.3d 365, 375 (2d Cir. 2004).[2]

We agree with the district court that on this record it cannot reasonably be expected that Skoufis will attempt to block Wagschal from the Public Page in the future. Skoufis expressly represented in two sworn declarations before the district court that "he does not intend to ban or block [Wagschal's] access to the Senator's Facebook page again at any time in the future." 442 F. Supp. 3d at 621. Skoufis unblocked Wagschal by May 2019, "long before" he moved to dismiss Wagschal's claims in December 2019. *Wagschal*, 442 F. Supp. 3d at 617, 622. Further, since the beginning of this litigation, Skoufis has consistently and voluntarily refrained from blocking or otherwise restricting Wagschal's access to the Public Page. *See Dean v. Blumenthal*, 577 F.3d 60, 65–66 (2d Cir. 2009) (action moot where the government official ceased the purportedly unconstitutional conduct and represented that he had no intention to re-implement the practice). Further, Skoufis agreed with the district court that this Court's decision in *Knight First Amend. Inst. v. Trump*, 928 F.3d 226, 236 (2d Cir. 2019) ("*Knight*"), *vacated as moot sub nom. Biden v. Knight First Amend. Inst.*, 141 S. Ct. 1220 (2021) (mem.), which was issued after he engaged in the conduct that gave rise to this suit, suggests that any action by him to block Wagschal from the Public Page in the future would likely violate the First Amendment. *See Knight*, 928 F.3d at 239 ("Accordingly, we hold that the President violated the First Amendment when he used the [Twitter] blocking function to exclude [the plaintiffs] because of their disfavored speech.").

Wagschal objects that some of Wagschal's comments on the Public Page remained "hidden" (in Facebook jargon) until January 2020, well after Wagschal was unblocked in March 2019. Appellant's Br. at 27. Those hidden comments were restored, however, by the time the motion to dismiss was fully briefed in the district court, and Skoufis explained (and the district court accepted) that he had mistakenly thought that, by unblocking Wagschal, the comments would automatically be restored. When Skoufis learned they were not, he took

---

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

prompt action to restore them. Because Wagschal's access to the Public Page has now been completely restored and the temporarily hidden comments are again publicly available, injunctive relief will not provide Wagschal with any cognizable benefit. His claims for injunctive and declaratory relief are therefore moot.

## II. Damages

The district court also determined that, with regard to Wagschal's claim for damages, Skoufis was entitled to qualified immunity because in August 2018, when he blocked Wagschal, we had not decided *Knight* and Skoufis's conduct thus did not violate clearly established law. We agree. The district court concluded, and Wagschal concedes, that *Knight* represented "the first time that either the Second Circuit or the Supreme Court addressed the First Amendment implications of a public official blocking one of their constituents on social media." 442 F. Supp. 3d at 625. The *Knight* decision was issued nearly one year after Skoufis blocked Wagschal from the Public Page; accordingly, it was not controlling precedent at the time of Skoufis's allegedly unconstitutional conduct. Qualified immunity therefore precludes Wagschal's damages claim against Skoufis for blocking him in 2018.

Wagschal argues Skoufis is nonetheless not entitled to qualified immunity because he did not "unhide" the comments mentioned above until January 2020, almost six months after *Knight* was decided. Even assuming that, after *Knight*'s vacatur, it would remain clearly established that a public official's use of Facebook's tools to hide specific comments on the official's public page violates the First Amendment, such a rule was not clearly established in 2018 by *Knight* or any other decision from our Court or the Supreme Court. In so commenting, we take heed of the Supreme Court's caution against determining what constitutes "clearly established law" at too high a level of generality. *See City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015). The "hide comments" feature limits the user's interaction on Facebook in a different, and less substantial, way than does the blocking at issue in *Knight*. Blocking a person on Twitter may well frustrate his or her ability to follow along with and engage in an online discussion, while hiding a comment on Facebook merely shields the comment from viewing by the general public. *See* App'x 81. Whether hiding comments in this manner would place an unconstitutional burden on speech was not a

4

question addressed by *Knight*, in which we dealt with the President's use of the blocking function on Twitter. *Knight*, 928 F.3d at 232. Skoufis is therefore also entitled to qualified immunity with regard to Wagschal's damages claim arising from his temporarily hidden comments.

\* \* \*

We have considered Wagschal's remaining arguments and find in them no basis for reversal. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court